FILED
TARRANT COUNTY
1/22/2016 2:11:33 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 236-283415-16

| | | |
|---|---|---|
| BOBBIE BAKER | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | _____ JUDICIAL DISTRICT |
| INSURANCE COMPANY AND GLORIA | § | |
| MARIE GONZALEZ | § | |
| | § | |
| | § | |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bobbie Baker, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and Gloria Marie Gonzalez ("Gonzalez") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiff, Bobbie Baker, is an individual residing in and/or owning property in Tarrant County, Texas.

2. Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

1



EXHIBIT B-1

3. Defendant, Gloria Marie Gonzalez, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 9237 Odeum Drive, Fort Worth, Texas 76244-6038.

## DISCOVERY LEVEL

4. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant, Gonzalez, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9. Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

236-283415-16

10. Plaintiff owns the insured property located at 7321 Madeira Drive, in Tarrant County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11. On or about November 18, 2015, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12. Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13. Defendant Allstate assigned Gonzalez as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14. Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

236-283415-16

15. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16. As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.

4

INS. CODE § 541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these

causes of action.

30. Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31. Each of the foregoing paragraphs is incorporated by reference in the following:

### I.   Causes of Action Against Gonzalez

32. Allstate assigned Gonzalez to adjust this claim. Gonzalez was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Gonzalez did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Gonzalez refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.   Noncompliance with Texas Insurance Code:   Unfair Settlement Practices

33. Defendant Gonzalez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34. Defendant Gonzalez is individually liable for his unfair and deceptive acts, irrespective of the fact Gonzalez was acting on behalf of Allstate, because Gonzalez is a "person" as defined by

7

TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Gonzalez's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36. Defendant Gonzalez's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

236-283415-16

37.     Defendant Gonzalez failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendant Gonzalez failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Gonzalez did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Gonzalez's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Gonzalez did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate.  Defendant Gonzalez's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

**II.     Causes of Action Against Allstate**

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

236-283415-16

### A.     Breach of Contract

41.    Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.     Noncompliance with Texas Insurance Code: Unfair Settlement Practices

42.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

236-283415-16

46. Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47. Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

    **C.**    **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

48. Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49. Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50. Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51. Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

    **D.**    **Breach of the Duty of Good Faith and Fair Dealing**

52. Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the

11

236-283415-16

exercise of reasonable diligence, that its liability was reasonably clear.

    **E.    Knowledge**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

236-283415-16

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63. Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

236-283415-16

        Respectfully submitted,

        THE POTTS LAW FIRM, LLP

By:   */s/ Matthew J. Worrall*
      **Matthew J. Worrall**
      SBN: 24070883
      **William H. Barfield**
      SBN: 24031725
      **Andrew A. Woellner**
      SBN: 24060850
      100 Waugh Drive, Suite 350
      Houston, Texas 77007
      Telephone (713) 963-8881
      Facsimile (713) 574-2938
      Emails: mworrall@potts-law.com
              wbarfield@potts-law.com
              awoellner@potts-law.com

      **ATTORNEYS FOR PLAINTIFF**