**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| BOBBIE BAKER § | |
|     *Plaintiff*, § | |
| v. § | |
| § | CIVIL ACTION NO. 4:16-cv-00165-O |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY AND GLORIA § | |
| MARIE GONZALEZ § | |
| § | |
|     *Defendant* § | |

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Bobbie Baker, and files his motion to remand and brief in support, respectfully asking the Court to remand the case to state court for lack of subject matter jurisdiction. In support of his motion, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), Plaintiff would respectfully show the following:

**NATURE AND STAGE OF THE PROCEEDING**

1. Bobbie Baker (hereinafter "Plaintiff"), a Texas resident, is a named insured under a property insurance policy issued by Defendant Allstate Vehicle and Property Insurance Company (the "Policy). (Exhibit A) Allstate is not a citizen of the State of Texas for diversity purposes. On or about November 18, 2015, a wind and hail storm hit the Tarrant County, Texas area, damaging Plaintiff's home and other property and Plaintiff subsequently filed a claim under the Policy. (Exhibit A, Dkt. # 1-3, ¶ 11-12)

2. Gloria Marie Gonzalez ("Gonzalez") – a Texas resident – adjusted and sent correspondence to Plaintiff that failed to include all of the damages that he noted during the

inspection, and undervalued the damages he observed during the inspection. (Exhibits A, B and Dkt. # 1-3, ¶ 3, 13) Gonzalez conducted a substandard investigation of the claim, failed to prepare a report that adequately described the reason for the denial, undervalued and misrepresented the damages. (Exhibits A, B and Dkt. # 1-3, ¶ 13)  Baker's substandard, outcome-oriented investigation led to Allstate's underpayment of Plaintiff's claim. (Exhibit A)

3. Consequently, Plaintiff filed suit against Allstate and Gonzalez in the 236th Judicial District Court of Tarrant County, Texas, asserting various causes of action including violations of the insurance code arising out of Allstate's and Gonzalez's failure to adequately investigate and properly settle his claim for damages covered by the Policy. (Dkt. # 1-3, ¶ 32-53)  Both Defendants answered. (Dkt. # 1-7, 1-8)  On February 29, 2016, Allstate and Gonzalez removed the case to this Court, arguing that Gonzalez was improperly joined, and, therefore, that her Texas domicile does not destroy diversity jurisdiction. (Dkt. # 1)  Plaintiff moves to remand for lack of subject matter jurisdiction.

## ISSUE

4. The issue before the Court is whether Gonzalez was properly joined as a Defendant in Plaintiff's suit against Allstate.  If the Court finds that he was, it lacks subject matter jurisdiction and must remand to state court.

## ARGUMENT

5. The Court lacks subject matter jurisdiction over this case because Gonzalez is domiciled in Texas, adjusts insurance claims in Texas, and Plaintiff has valid causes of actions against him under Texas law. (Exhibit A, Dkt. # 1-3, ¶ 3, 32-39, and Dkt. # 1-6)  The parties to this lawsuit were not diverse at the time of removal, and Gonzalez was not improperly joined for the purpose of defeating diversity jurisdiction.

6.     Plaintiff still has the right to remand because if remand is based on lack of diversity, then the plaintiff can move to remand at any time.[1]

7.     Multiple federal courts throughout the State of Texas have recently addressed the issue of improper joinder of an in-state adjuster in a number of cases virtually identical to this one.[2] As in those cases, Gonzalez is a properly-joined defendant because: (1) Plaintiff has valid causes of action against him under Texas law; (2) the facts alleged in Plaintiff's Original Petition are sufficient to establish valid causes of action against Gonzalez; and (3) the evidence attached to this motion further establishes a factual fit between Plaintiff's allegations and his causes of action against Gonzalez. (Exhibits A, B and Dkt. # 1-3, ¶ 3, 9-30, 32-39)  Because this case is not removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, it should be remanded to state court.

A.     **STANDARDS GOVERNING REMOVAL**

8.     In removal cases, the removing party-Allstate-bears the significant burden of establishing the existence of federal jurisdiction.[3]  The Fifth Circuit has stressed that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[4]  The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a case

---

[1] *See* 28 U.S.C. §1447(c).
[2] *See*, e.g., *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co*., Civ. A. No. 3:12-cv-4363-M, 2013 WL 775362 (N.D. Tex. Feb. 28, 2013) (Lynn, J.) (remand granted where plaintiff filed claims for violations of Chapter 541 against in-state adjuster); *Landor v. State Form Lloyds*, Civ. A. No. 3:12-cv-4268-M, 2013 WL 1746003, (N.D. Tex. April 23, 2013) (Lynn, J.) (same); *Rogers v. Allstate Indem. Co*, Civ. A. No. 3:12-cv-04725-M, 2013 WL 2182661 (N.D. Tex. May 20, 2013) (Lynn, J.) (same); *W. States Asset Mgmt. Inc. v. AIX Specialty Ins. Co*., Civ. A. 3:13-cv-00234-M, 2013 WL 3349514 (N.D. Tex. July 3, 2013) (Lynn, J.) (same).
[3] *See Manguno v. Prudential Prop. And Cos. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Sterns & Co*., 128 F.3d 919, 921-22 (5th Cir. 1997).
[4] *Campbell v. Stone lns., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).

properly before it and thereby implicates important federalism concerns."[5] Thus, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.[6]

9. In determining the propriety of removal, "the court must evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff' and resolve all ambiguities in the controlling state law in the plaintiff's favor.[7] To determine whether jurisdiction is present for removal, the Court can only consider the claims and parties in the state court petition as they existed at the time of removal.[8]

10. To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) that there is <u>no reasonable possibility</u> that the plaintiff will be able to establish a cause of action against that party in state court.[9] Only the latter ground is at issue here, and the focus is on whether the plaintiff has asserted a valid state-law cause of action against the non-diverse defendant.[10] The test is whether there is any reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.[11]

---

[5] *Bear Sterns*, 128 F.3d at 922.
[6] *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100. 107-09 (1941).
[7] *Id; see also Gutierrez v. Companion Pty, & Cas. Ins. Co*., Civ. A. No. M-12-326, 2012 WL 5943617 (S.D. Tex. Nov. 27, 2012) (Alvarez, J.).
[8] *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).
[9] *Smallwood v. Ill. Cent. R.R. Co*., 385 F. 3d 568, 573 (5th Cir. 2004) (en banc).
[10] *Id.*
[11] *Id.*

4

11. If the plaintiff has <u>any possibility to recover</u> under state law against the non-diverse defendant, then the joinder is not fraudulent in fact or law.[12] The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff might do so.[13] "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, **the focus of the inquiry must be on the joinder, not on the merits of Plaintiffs' case.**"[14]

12. To make that determination, the Court must look to Plaintiff's factual allegations to determine whether the petition states a claim under state law against Gonzalez, the in-state Defendant.[15] "The burden of persuasion on those who claim ... [improper] joinder is a heavy one." Accordingly, all factual allegations in the state court petition must be considered in the light most favorable to the plaintiff, and contested fact issues are to be resolved in the plaintiff's favor.[16]

13. To determine whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[17] "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."[18] However, "for the purposes of the improper joinder inquiry, the sufficiency of the factual allegations is reviewed under Texas's 'fair notice'

---

[12] *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).
[13] *Id.*
[14] *Smallwood,* 385 F.3d at 568, (emphasis added).
[15] *Id.* at 573; *W. States,* 2013 WL 3349514, at *2; *Boze Memorial*, 2013 Wl 775362, at *2.
[16] *Guillory v. PPG Industries, Inc*., 434 F.3d 303, 308 (5th Cir. 2005).
[17] *Smallwood*, 385 F.3d at 573.
[18] *Id.*

5

pleading standards, not the heightened federal pleading standard."[19]  Several other federal courts across Texas agree with this reasoning.[20]

14.     Under the Texas Rules of Civil Procedure, a pleading can contain legal conclusions as long as the allegations as a whole provide fair notice to the opponent.[21]  The "fair notice" standard requires "a short statement of the cause of action sufficient to give fair notice of the claim involved...."[22]  The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense.[23]  Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy.[24]  "[T]he pleadings must be sufficiently adequate so the court is able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a plaintiffs cause of action and relief sought with sufficient information upon which to base a judgment."[25]  Nevertheless, a pleading will be liberally construed in favor of the pleader, **and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically**

---

[19] *W. States*, 2013 WL 3349514, at *2 (citing *Yeldell v. Geovera Specialty Ins. Co.*, Civ. A. No. 3:12-cv-1908-M, 2012 WL 5451822, at *3 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) ("Texas's 'fair notice' pleading standard applies to factual allegations in the removed petition in an improper joinder analysis")); see also *Arana v. Allstate Texas Lloyds, Civ.* A. No. 3:13-cv-0750-D, 2013 Wl 2149589, at *3-4 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.) (same).
[20] *Edwea, Inc. v. Allstate Ins. Co., Civ*. A. No. H-10-2970, 2010 Wl 5099607, at *6 (S.D. Tex. Dec. 8, 2010); *Gutierrez*, 2012 WL 5943617 at *1, 3; *see also Centro Christiano* 2011 WL 240335 at *14; *Cal Dive Int'l, Inc. v. Chartis Claims, Inc., Civ.* A. No. 1:11-CV-347, 2011 WL 5372268 (E.D.Tex. Nov. 7, 2011); *Stevenson v. Allstate Tex. Lloyd's, Civ.* A. No. 11-CV-3308, 2012 WL 360089, at *3 (S.D. Tex. Feb 1, 2012); *Anderson v. Geovera Speciality Ins. Co.,* Civ. A. No. C-12-243, 2012 WL 4461272, at *2 (S. D. Tex. Sept. 25, 2012*); Garcia v LG Electronics USA Inc.,* Civ. A. No. B-11-61, 2011 WL 2517141, at *2-3 (S.D. Tex. June 23, 2011).
[21] TEX. R. CIV. P. 45 (b).
[22] TEX. R. CIV. P. 47; *Tex. Dep't of Parks & Wildlifev. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004).
[23] *Sw. Bell Tel. Co. v, Garza*, 164 S.W.3d 607, 616 n.11 (Tex. 2004) (citing *Roark v, Allen,* 633 S.W.2d 804, 810 (Tex. 1982)).
[24] *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMSHealthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).
[25] *UMLIC VP LLC v. T & M Sales & Envtl. Sys. Inc.,* 176 S.W.3d 595,604 (Tex. App.-Corpus Christi 2005, pet. denied) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)).

**stated, even if an element of the cause of action is not alleged**.[26] In fact, "Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition."[27]

**B.   THERE WAS NO DIVERSITY AT TIME OF REMOVAL BECAUSE PLAINTIFF SUFFICIENTLY ALLEGED VALID CAUSES OF ACTION AGAINST GONZALEZ, AND THUS HAS A REASONABLE PROBABILITY TO RECOVER AGAINST HER**

15.   There was not complete diversity of citizenship at all relevant times involved in this lawsuit because the Court can only consider the claims and parties in the state court petition as they existed at the time of removal.[28]

16.   At the time of removal, there was not complete diversity of citizenship between the parties because Gonzalez is domiciled in and a citizen of the State of Texas. (Dkt. # 1-3, ¶ 3, Dkt. # 1-6) Allstate has not met its "heavy burden" of proving Plaintiff has no possibility of recovering against Gonzalez. Therefore, Allstate's argument that Gonzalez was improperly added for the sole purpose of destroying federal jurisdiction is without merit.

17.   Plaintiff has sued Gonzalez for violations of Chapter 541 of the Texas Insurance Code. (Dkt. # 1-3, ¶ 33-39) Specifically, Plaintiff's Original Petition asserts the following causes of action against Gonzalez:

**I.    Causes of Action Against Gonzalez**

> Allstate assigned Gonzalez to adjust this claim. Gonzalez was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Gonzalez did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Gonzalez refused to fully compensate Plaintiff for the full amount Plaintiff is

---

[26] *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).
[27] *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex.Civ.App.-Austin 1977, no writ).
[28] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F. 3d 720, 723 (5th Cir. 2002).

entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated. (Dkt. # 1-3, ¶ 33)

### A. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

Defendant Gonzalez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151. (Dkt. # 1-3, ¶ 33)

Defendant Gonzalez is individually liable for his unfair and deceptive acts, irrespective of the fact Gonzalez was acting on behalf of Allstate, because Gonzalez is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)). (Dkt. # 1-3, ¶ 34)

Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Gonzalez unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1). (Dkt. # 1-3, ¶ 35)

Defendant Gonzalez's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A). (Dkt. # 1-3, ¶ 36)

Defendant Gonzalez failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Gonzalez failed to offer Plaintiff adequate compensation without any explanation as to why full payment

was not being made. Furthermore, Defendant Gonzalez did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3). (Dkt. # 1-3, ¶ 37)

Defendant Gonzalez's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4). (Dkt. # 1-3, ¶ 38)

Defendant Gonzalez did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Gonzalez's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7)." (Dkt. # 1-3, ¶ 39)

19. Gonzalez was assigned as an adjuster to handle and investigate Plaintiff's claim and determined the amount of damages Plaintiff was to receive. (Exhibit A, Dkt. #1-3, ¶ 13, 32) The adjuster was improperly trained and failed to perform a thorough investigation of the claim. Gonzalez set out to deny and/or underpay properly covered damages. (Exhibits A & B, Dkt. # 1-3, ¶ 15) Chapter 541, Subchapter A of the Texas Insurance Code (under which Gonzalez is being sued) prohibits any "person" from engaging in deceptive practices in the business of insurance.[29] The term "person" is defined as "any ***individual***, corporation, association, partnership... and any other legal entity ***engaged in the business of insurance***, including agents, brokers, ***adjusters*** and

---

[29] TEX. INS. CODE§541.003.

9

life insurance counselors."[30]   Thus, Chapter 541 specifically provides a private cause of action against adjusters like Gonzalez that engage in unfair or deceptive acts.

20.     The Texas Supreme Court, the Fifth Circuit, and numerous U.S. district courts have recognized that adjusters can be held individually liable under Chapter 541 of the Texas Insurance Code.[31]   In *Garrison Contractors*, the Texas Supreme Court specifically held that the term "person," as defined in Chapter 541 (formerly Article 21.21[32]) of the Texas Insurance Code, is not limited to insurers.[33]   The term "person," for the purpose of placing liability, includes all individuals and company employees who are engage in the business of insurance.[34]   Thus, the wrongful conduct of an insurance adjuster, whether independent of the insurer or in the insurer's employ, can give rise to the adjuster's personal liability.

21.     The Fifth Circuit and several federal courts in this district have followed the precedent set forth in *Garrison Contractors* and recognizing that Chapter 541 authorizes causes of actions against adjusters in their individual capacity.[35]

---

[30] *Id*. at § 541.002 (emphasis added).
[31] See *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford*, 491 F.3d 278, 282 (5th Cir. 2007); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*., Civil Action No. H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) (Harmon, J.); see also *Linda Duvall vs. Allstate Insurance Company, et al.*, Memorandum and Order, Civil A. No. H-03-5312, (S.D. Tex. Jan. 28, 2004) (Atlas, J.) (holding adjuster Olson, as Allstate's employee, had "engaged in the business of insurance"); *Cornman v. State Farm Lloyds*, 2001 WL 34098622, at *4 (S.D. Tex. Nov. 19, 2001) (adjuster can be held liable); Gutierrez, 2012 WL 5943617 at *3.
[32] Both *Garrison Contractors* and *Gasch* were decided under Article 21.21 of the Texas Insurance Code, rather than Chapter 541. However, Chapter 541 was simply a re-codification of Article 21.21. Acts 2003, 78th Leg. R.S., Ch. 1274, H.B. 2922. Further, the Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of Article 21.21. *Id.*
[33] *Garrison Contractors*, 966 S.W.2d at 482-87.
[34] *Id.*
[35] *Gasch*, 491 F.3d at 287; see, *e.q., Boze Memorial*, 2013 WL 775362; Landor, 2013 WL 1746003; Rogers, 2013 WL

22.     Texas law is clear that Gonzalez can be held individually liable for the causes of actions Plaintiff asserted against him, and Allstate does not attempt to claim otherwise. In fact, Allstate does not claim that the causes of action asserted against Gonzalez in Plaintiff's Original Petition are *invalid*, but merely that Plaintiff's pleading contains allegations that are insufficient to state a potential right for relief against Gonzalez. (Dkt. # 1, Section B ¶ 2.10)  Thus, the only remaining issues are whether (a) Plaintiff's Original Petition alleges sufficient facts to state a claim under Chapter 541 against Gonzalez; and/or (b) the evidence attached to this motion to remand establishes a probable right to recover against Gonzalez under the causes of action asserted against him.

23.     Plaintiff alleged specific and discrete facts against Gonzalez that are sufficient to support Plaintiff's Chapter 541 causes of action, under the Texas "fair notice" standard. (Dkt. # 1-3, ¶ 32-39)  In what appears to be a stock argument by Allstate in its notices of removal, it boldly and inaccurately claims that Plaintiff's allegations consist merely of "labels and conclusions," and "formulaic recitations of the elements of a cause of action" collectively asserted against Goodman. (Dkt. # 1, Section B ¶ 2.10)

24.     Contrary to Allstate's stock argument, Plaintiff Original Petition asserts sufficient factual allegations against Gonzalez himself:

> On or about November 18, 2015, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof. (Dkt. # 1-3, ¶ 11)
>
> Defendant Allstate assigned Gonzalez as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's

Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. (Dkt. # 1-3, ¶ 13)

Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages. (Dkt. # 1-3, ¶ 14)

Together, Defendants set about to deny and/or underpay on properly covered damages.  Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy. (Dkt. # 1-3, ¶ 15)

25.     Under Texas's liberal pleading standards, Plaintiff's Original Petition unquestionably establishes a reasonable basis for this Court to predict that Plaintiff might be able to recover against Gonzalez.  Allstate assigned Gonzalez to investigate Plaintiff's claim; Gonzalez conducted a substandard investigation of Plaintiff's property, prepared an estimate/report that failed to include all the covered damages to Plaintiff's property, and undervalued then actively misrepresented the extent of damages sustained by Plaintiff to their property as a result of the hail storm.  Accordingly, the Court should remand.

26.     This result is consistent with other Texas district court opinions with similar facts and claims.[36]  Some of these cases dealt with Hurricane Ike claims in which the plaintiff brought

---

[36] See *Davis v. Travelers Lloyds of Texas Ins. Co.*, Civ. A. No. H-09-2260, 2009 Wl 3255093 (S.D. Tex. Sept. 29, 2009); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009); *CD Mgmt. Corp. v. Nationwide Prop. & Cos. Ins. Co.*, No. H-09-1701 (S.D.

claims similar to those in the present action against an insurance company and a non-diverse, instate claims adjuster.[37]  "In each case the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case the court remanded the action to state court."[38]  Multiple courts have repeatedly granted remand on the basis of virtually identical factual allegations made against an in-state adjuster.[39]

27.    Conversely, in the cases in which the remand has generally been denied, the defendants have provided some evidence strongly showing that recovery against the instate adjuster would be unlikely.[40]  Allstate has no such evidence to present.  The only basis it cites for removal is the lack of specificity in Plaintiff s petition regarding the wrongdoings perpetrated by Gonzalez. (Dkt. #1, Section B)  This threadbare allegation is not sufficient for Allstate to meet its "heavy burden" of proving that Plaintiff has no reasonable basis to recover against Gonzalez.

---

Tex. July 29, 2009); *Horris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 Wl 1790744, at *4 (S.D. Tex. April 30, 2010).
[37] *Harris v. Allstate*, 2010 WL 1790744 at *4.
[38] *Id.*
[39] *Boze Memorial*, 2013 WL 775362 (remand granted where plaintiff filed claims for violations of Chapter 541 against in-state adjuster); *Landor*, 2013 Wl 1746003 (same); *Rogers*, 2013 WL 2182661 (same); *W. States*, 2013 Wl 3349514 (same).
[40] *See Jimenez v. Travelers Indemnity Company*, 2010 Wl 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying remand where the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood ChiropracticClinic v. TravelersLloyds Insurance Company,* Civ. A. No. H-09-1728, 2009 WL 3602043, at *4 (S. D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mutual Casualty Company,* 2007 WL 2300331, at *5 (S.D. Tex.) (denying remand where the defendant presented deposition testimony by the Plaintiff that the instate defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion"); *Centro Christiano,* 2011 WL 240335 at *14 (denying remand when evidence submitted by defendant insurer in uncontested adjuster's affidavit showed the adjuster's work was limited to inspecting the insured's property and providing the carrier with a repair estimate).

C. **PLAINTIFF'S SUMMARY-JUDGMENT-TYPE EVIDENCE FURTHER PROVES THAT PLAINTIFF HAS A POSSIBILITY TO RECOVER AGAINST GONZALEZ UNDER TEXAS LAW**

28. Not only does Allstate have no evidence to prove that recovery against Gonzalez would be unlikely, Plaintiff's Exhibits A & B to this motion effectively disprove that argument in favor of removal. (Exhibit A & B)

29. While the Court must generally only conduct a 12(b)(6)-type analysis to determine if the non-diverse defendant has been improperly joined, there are cases in which a further inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[41] Therefore, the Court may also pierce the pleadings and consider summary-judgment-type evidence.[42]

30. Brian Allmand, Plaintiff's consulting expert, provides the Court an analysis regarding the bad faith of Gonzalez's assessment of damages and the actual extent Plaintiff's covered damages through his estimate. (Exhibit A & B) Mr. Allmand inspected the property and created an estimate of the damages he observed. (Exhibit B) As Mr. Allmand's estimate indicates, Plaintiff's roof was badly damaged by hail, so much so that the entire roof requires replacement and the exterior requires extensive repairs. (Exhibit B) It is clear from this evidence that Gonzalez severely undervalued and misrepresented the extent of damage to Plaintiff's home. Gonzalez's damage estimate sent to Plaintiff also provides the Court with direct evidence of Gonzalez's misrepresentations of coverage and damages. (Exhibit A)

---

[41] *Smallwood*, 385 F.3d at 573-74; see, e.g., *Guillory* 434 F.3d at 311.
[42] *Smallwood*, 385 F.3d at 574.

31. As proven by Exhibits A & B the facts alleged in Plaintiff's Original Petition are not merely pretexts to defeat diversity jurisdiction. Rather, all of Plaintiff's factual allegations against Gonzalez are supported by objective evidence. (Exhibits A & B) The necessary "factual fit" between Plaintiff's allegations and the causes of action plead against Gonzalez exists and establishes a reasonable basis for predicting that Texas law might impose liability on these facts involved.[43] Allstate did not and cannot meet the heavy burden of proving that Plaintiff has no possibility to recover on the valid causes of action asserted against Gonzalez. Therefore, Allstate cannot prove that Gonzalez's joinder is improper, and, as such, the Court must remand this case to state court.

## ATTORNEY'S FEES

32. Due to Allstate's complete disregard of the case law in this district, of the facts of the case, and of the costs and fees that accrued due to its improper removal, Plaintiff additionally respectfully request that they be awarded attorney's fees and costs for remand.

## CONCLUSION

33. The Court should remand this case to the 236th Judicial District Court of Tarrant County, Texas. Federal jurisdiction under 28 U.S.C. § 1332 requires the removing party to state facts showing a complete diversity of citizenship. Allstate failed to establish complete diversity and failed to prove Gonzalez was improperly joined to destroy diversity of citizenship. Therefore, this Court lacks subject matter jurisdiction and remand is required.

---

[43] See *Badon v. RJR Banisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2001); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray this Honorable Court to grant his Motion to Remand, remand this cause to state court, and grant any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled. Plaintiff additionally respectfully request that they be awarded attorney's fees and costs for remand.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By: */s/Matthew J. Worrall*
**Matthew J. Worrall**
SBN: 24070883
FBN: 2148714
**Andrew A. Woellner**
SBN: 24060850
FBN: 876537
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

A conference was held on March 12, 2016, on the merits of this Motion:

_____   I have been unsuccessful in my attempts to contact the attorneys for the Defendants.

_____   I have been unsuccessful in my attempts to discuss this matter with the Defendant's attorney as said attorney has not returned my telephone calls or responded to my letter.

\_\_\_X\_\_\_   This matter has been discussed with opposing counsel and no agreement of the motion could be reached.

_____   Defendant's attorney has agreed or is unopposed to Movant's request under this Motion.

*/s/ Matthew J. Worrall*
Matthew J. Worrall

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, a true and correct copy of the foregoing was served on all counsel of record by ECF in accordance with the Federal Rules of Civil Procedure.

*/s/Matthew J. Worrall*
**Matthew J. Worrall**

17