IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BOBBIE BAKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00165-O |
| § | |
| ALLSTATE VEHICLE AND § | |
| PROPERTY INSURANCE COMPANY, § | |
| and GLORIA MARIE GONZALEZ § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court are Plaintiff's Motion to Remand and Brief in Support (ECF No. 10), filed March 30, 2016; and Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Response, Brief in Support, and Appendix (ECF Nos. 11-12), filed April 20, 2016. Having considered the motion, the briefing, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be and is hereby **GRANTED**.

**I.      BACKGROUND**

The following facts are taken from Defendant's Notice of Removal (ECF No. 1) and Plaintiff's ("Baker") Original Petition (ECF No. 1-3). On or about November 18, 2015, a hail and wind storm ("the Storm") struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region, including Baker's property (hereinafter "the Property"). Orig. Pet. ¶ 11, ECF No. 1-3. Baker's home suffered damage primarily to the roof and she submitted an insurance claim pursuant to her Insurance Policy (hereinafter the "Policy") and requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof as a result of the Storm. *Id.* ¶¶ 10-11. Allstate assigned Defendant Marie Gonzalez ("Gonzalez") as the adjuster to assess the damage and determine the value of Baker's insurance claim. *Id.* ¶ 13.

Baker claims that Gonzalez was improperly trained, did not spend an adequate amount of time inspecting his property, and that Gonzalez performed a substandard inspection of the Property as reflected in the adjuster's report, which failed to include all of the Storm's damage. *Id.* Baker avers that the damages Gonzalez included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all of the damage the Property sustained. *Id.* Baker claims that Allstate and Gonzalez failed to thoroughly review and properly supervise the work of its assigned adjusters which ultimately led to them approving this improper adjustment and an unfair settlement of Baker's claim. *Id.* ¶ 14.

Baker brought suit against Allstate and Gonzalez in Texas state court on January 28, 2016. Original Pet., ECF No. 1-3. Allstate removed this case to federal court. Notice Removal ¶¶ 2.1-2.2, ECF No. 1. Baker is a citizen of Texas and Allstate is a citizen of Illinois. *Id.* ¶¶ 2.3-2.4. Allstate alleges that Gonzalez, as a Texas citizen, is improperly joined in this action. *Id.* ¶¶ 2.5-2.6. Allstate believes that since Baker has "fail[ed] to specify a legal and factual basis for a claim against a non-diverse party[,] . . . [Baker's petition] fail[s] to state a claim and results in improper or fraudulent joinder of that party." *Id. ¶* 2.6. Baker filed her Motion to Remand and Allstate Responded. Baker did not file a timely reply and this motion is ripe for review.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction

raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Corp.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164, at *2. There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question and complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Here, the removing Defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice Removal ¶ 2.2, ECF No. 1. Courts can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. § 1441(b). If a non-diverse party is present in the action, the court may lacks jurisdiction based on improper joinder.

### B.   Improper Joinder

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were properly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, No. 14-20552, 2016 WL 1274030, at *5 (5th Cir. Mar. 31, 2016). However, "if the plaintiff has stated a claim against a nondiverse defendant on which relief *may* be granted, a federal court is without . . . *diversity* jurisdiction [] over that claim and, by extension,

over any claims." *Id.* To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3; *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The burden of demonstrating fraudulent joinder is a heavy one. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999). At issue here is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *8. In doing so, a federal court must apply the federal pleading standard. *Id.* at *4 ("[T]he improper-joinder analysis in the context of removal and remand is solely about determining the federal court's jurisdiction . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings."). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

Before the Court can conduct this analysis, however, it must determine whether Baker may be able to recover against Gonzalez under the Texas Insurance Code.

### III. ANALYSIS

#### A. Liability Under Texas Insurance Code

##### 1. Adjuster Liability

Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. Tex. Ins. Code § 541.002(2). The Texas Supreme Court has "held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Roach*, 2016 WL 795967, at *4 (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011)); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Texas Insurance Code, and may be liable under it. *Roach*, 2016 WL 795967, at *4 (citing *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)). Likewise, "the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA." *Roach*, 2016 WL 795967, at *4 (citing Tex. Bus. & Com. Code § 17.46(b); Tex. Ins. Code § 541.151(2)).

Numerous courts have held that an insurance adjuster may be held personally liable for engaging in an unfair settlement practice under Texas Insurance Code § 541.060(a)(2). *Gasch*, 491 F.3d at 282; *Roach*, 2016 WL 795967, at *5; *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 741 (S.D. Tex. 2010) ("Moreover, insurance adjusters are liable for their own conduct where it violates the Insurance Code"); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2-3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.). However, two recent decisions in the Northern District of Texas have held that § 541.060(a)(2) did not apply to insurance adjusters personally. These courts reasoned that the adjuster cannot be liable for "failing to attempt in good

faith to effectuate a prompt, fair, and equitable settlement of" claims because an adjuster "does not have settlement authority on behalf of [the insurance company" and his "sole role is to assess the damage."  See *Roach*, 2016 WL 795967, at *5 (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 722 (N.D. Tex. 2014) (Solis, J.)); *see also One Way Invs.*, 2014 WL 6991277, at 4 (citing *Messersmith*, 10 F. Supp. 3d at 724).

In *Roach v. Vehicle*, another case against Allstate based on hail and wind storm damage, the court found that "as the person primarily responsible for investigating and evaluating insurance claims, [the insurance adjuster] has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based."  2016 WL 795967, at *5.  The *Roach* court highlighted other cases in the Northern and Southern Districts of Texas which discussed the importance of the adjuster's position.  *Id.* (reasoning *Arana v. Allstate Tex. Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013) (Fitzwater, C.J.) ("Adjusters play a role in the investigation, estimation, and settlement of insurance claims.")); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 648 (S.D. Tex. 2002) (commenting that the adjuster "engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims"); *Denley*, 2015 WL 5836226, at *4 ("[A] delay in an adjuster's investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim.").

*Roach* rejected *Messersmith* and *One Way Investments*' holding that an adjuster was not liable under § 541.060(a)(2) because "such a reading unduly narrows the scope of the provision, as it renders the term 'effectuate' superfluous."  *Roach*, 2016 WL 795967, at *5.  The Court agrees and is not troubled by the different holdings in recent cases because "the focus of the inquiry must

be on the joinder, not the merits of the plaintiff's case." *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand."). With this in mind, the Court engages in its 12(b)(6) analysis of Baker's claim against Gonzalez.

        1.       <u>Baker Adequately Alleged That Gonzalez Violated the Texas Insurance Code.</u>

In conducting its Rule 12(b)(6)-type analysis on Baker's claims, the Court finds that Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" against Gonzalez. *Twombly*, 550 U.S. at 570, *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3. Baker alleged that after the hail and wind storm which cause damaged to the Property, Baker contacted Allstate, Allstate sent Gonzalez to assess the damage and she "conducted a substandard inspection" of her property. Original Pet. ¶ 13, ECF No. 1-3. Baker also alleges that the adjuster's report reflects the inspection inadequacies and it did not include all of the Storm damages. *Id.*

Baker alleged that the estimates in Gonzalez's report were "grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained" and along with Allstate, "Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on the claim." *Id.* ¶ 15. Baker claims that this delay resulted in additional damages and Defendants allegedly told her that the damage to her property was not covered under the insurance policy. *Id.* at ¶¶ 17-21. Baker also claims that Defendants neither attempted to settle her claim in a fair manner nor explain reasons why the Policy did not cover the Property's damage despite Defendants' knowledge of the Policy. *Id.* Finally, Baker claims that Gonzalez and Allstate misrepresented the damage to the Property was not covered under the Policy, they failed to affirm or deny full

coverage within a reasonable time, and Defendants refused to compensate her fully after the alleged inadequate investigation. *Id.* ¶¶ 21-23.  These allegations all fall under the appropriate statutes in the Texas Insurance Code for Unfair Settlement Practices. *See* Tex. Ins. Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3)-(a)(4), and 541.060(a)(7).

Although Allstate contends that Baker has not met her burden because merely "[r]epeating statutory language is not the same as pleading actionable facts to which a statute should apply," Baker's recitations and factual allegations meet the pleading standard under the 12(b)(6) analysis. Notice Removal ¶ 2.2, ECF No. 1; *Roach*, 2016 WL 795967, at \*6; *Rodriguez v. Standard Guar. Ins. Co.*, No. 10-CV-3065-H, 2010 WL 4877774, at \*6 (S.D. Tex. Nov. 23, 2010) (remanding a case where allegations "resembl[ing] mere formulaic recitations of certain provisions of the [Tex. Ins. Code]" were "clarified and explained by" other allegations in plaintiff's petition specifically directed at the non-diverse defendant); *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768-D, 2008 WL 4133377, at \*4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, J.) (finding that factual allegations largely mirroring statutory language are sufficient to state a claim against the insurance adjuster individually); *Cardona v. ASI Lloyds*, No. 3:14-CV-3736-G, 2015 WL 93470, at \*6 (N.D. Tex. Jan. 6, 2015) (Fish, J.).

Thus, the Court finds that Baker asserted potentially valid claims against Gonzalez and Gonzalez has been properly joined.  Because Gonzalez is a Texas citizen for purposes of 28 U.S.C. § 1332, complete diversity does not exist between all parties and the Court must remand this action. *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at \*9 ("The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Accordingly, Plaintiff's Motion to Remand is hereby **GRANTED.**

## V. CONCLUSION

Having considered the motion, the briefing, and the applicable law, the Court finds that Baker's Motion to Remand (ECF No. 10) is **GRANTED**.  This case is **REMANDED** to the **236th Judicial District Court of Tarrant County, Texas**.  The clerk shall mail a certified copy of this order to the district clerk of Tarrant County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED** on this **11th day** of **May, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE